IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH D. DAWSON<br>[DOB: 12/03/1989],<br><br>    Defendant. | No. 23-3138-01-CR-S-BP<br><br>**COUNT 1:**<br>18 U.S.C. § 1343<br>(Wire Fraud)<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION:**<br>18 U.S.C. § 981(a)(1)(C)<br><br>Mandatory Restitution;<br>$100 Special Assessment |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to the Information:

### Introduction and Background

1. The defendant, **SARAH D. DAWSON**, resided in Christian County, Missouri, a location in the Western District of Missouri.

2. Victim Company 1 ("VC 1") was a Missouri limited liability company, originally registered with the Missouri Secretary of State's Office on February 23, 2010, with a principal place of business located in Springfield, Greene County, Missouri, a location within the Western District of Missouri.

3. From at least July 1, 2018, through November 30, 2019, said dates being approximate, the defendant maintained a personal bank account with Great Southern Bank,

account number ending 5870. Great Southern Bank was headquartered in Springfield, Missouri, in the Western District of Missouri.

4. From 2016 through November 30, 2019, said dates being approximate, the defendant was employed by VC 1 as an office manager. Through her employment, the defendant was responsible for various financial and administrative duties, including, but not limited to, entering patient financial contracts into a practice management software system, ensuring payments were recorded correctly, making credit adjustments, performing day-end routine business tasks, preparing and making bank deposits, ensuring business funds were deposited at the bank, and reconciling of bank statements.

5. As a part of her employment, the defendant received electronic access to VC 1's practice management software system, "topsOrtho." During said employment, and as a part of her regular duties, VC 1 authorized the defendant to electronically enter information into topsOrtho for the tracking of payments made to VC 1 for its dentistry services. The defendant regularly made electronic entries in topsOrtho utilizing the internet at VC 1's place of business in Springfield, Greene County, Missouri.

6. topsOrtho was produced, managed, and hosted by a company in the state of Georgia. Any topsOrtho entries conducted by the defendant through her employment with VC 1 in Springfield, Missouri, involved electronic communication from the state of Missouri and through a server in the state of Georgia.

7. VC 1 paid the defendant for her services through the issuance of a direct deposit transfer to her Great Southern Bank account number ending 5870. VC 1 did not authorize the defendant to take cash from the business for the payment of any wages due to the defendant for her work for the business.

## COUNT 1

### The Scheme

8. Beginning on or about July 9, 2018, and continuing until on or about December 6, 2019, said dates being approximate, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, the defendant voluntarily and intentionally devised and executed a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, from Victim Company 1.

9. As a part of her scheme, the defendant utilized her position as an office manager of VC 1, with financial and administrative responsibilities, to record false financial entries and void entries related to cash payments in topsOrtho and to divert cash payments made to VC 1 to the defendant's personal bank account at Great Southern Bank. The defendant did not have authorization from VC 1 to conduct such entries or deposits and her actions caused VC 1 to suffer significant financial loss.

10. As a further part of her scheme, the defendant voided cash payments intended for VC 1 in topsOrtho.

11. As a further part of her scheme, and in order to conceal her personal use of VC 1 funds, the defendant applied unauthorized credit adjustment codes to client accounts equal to the amount of cash payment that she diverted from the business to her personal bank account.

12. As a further part of her scheme, and in order to conceal her personal use of VC 1 funds, the defendant entered false transactions in topsOrtho reflecting deposits of certain cash payments.

13. As a further part of her scheme, and in order to conceal her personal use of VC 1 funds, the defendant entered false contract fee amounts in topsOrtho; specifically, the defendant

3

shorted contract amounts by the amount of a cash down payment made by the client, which she would eventually deposit into her personal banking account for her personal use.

14. As a further part of her scheme, on numerous occasions, the defendant took cash payments intended for VC 1 and deposited the cash in her personal banking account at Great Southern Bank, number ending 5870, for her personal use. The loss to VC 1 that resulted from the defendant's above-described scheme totaled at least $62,360.

15. Upon the defendant's termination from employment with VC 1, for the purpose of concealing the above-described scheme, the defendant sent an email to VC 1 in which she communicated numerous false statements.

## The Charge

16. By this reference, the allegations set forth in paragraphs 1 through 15 are hereby re-alleged and incorporated by reference as if fully set forth therein.

17. From on or about July 9, 2018, and continuing until on or about December 6, 2019, said dates being approximate, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, the defendant, **SARAH D. DAWSON**, with the intent to defraud, devised the above-described scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, from Victim Company 1.

18. On or about August 23, 2019, said date being approximate, in Greene County, in the Western District of Missouri, and elsewhere, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, and to obtain money by means of false and fraudulent pretenses, representations and promises, the defendant, **SARAH D. DAWSON**, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain signs, signals and sounds, that is, the electronic entry of a

4

Case 6:23-cr-03138-BP   Document 2   Filed 12/06/23   Page 4 of 6

$5,680.00 "Initial Fee" in the Victim Company 1 practice management software system for a specific client, which originated in Greene County, Missouri and was electronically transmitted to the state of Georgia through the internet, and thus traveled across state lines in interstate commerce, all in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

19. The United States Attorney re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 and Count 1 in this Information for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C).

20. As a result of the offense alleged in Count 1 of this Information, and pursuant to Title 18, United States Code, Section 981(a)(1)(C), the defendant, **SARAH D. DAWSON**, shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds traceable to the offense, directly or indirectly, as a result of the violations of law, including but not limited to:

### Money Judgment

21. Not less than $62,360 in United States currency, and all interest and proceeds traceable thereto, and a money judgment therefore, representing the proceeds obtained by **SARAH D. DAWSON**, in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offense set forth in Count 1.

### Substitute Assets

22. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; and/or

e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant not less than the value of the property described in paragraph 21 above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

_____
CASEY CLARK
Assistant United States Attorney

DATED: 12/6/23
Springfield, Missouri